**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| BRADEN KEVIN PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Case No.: 5:26-cv-05084-DCF** |
| vs. | ) | |
| | ) | |
| ALLY FINANCIAL, INC.; AMERICAN | ) | |
| EXPRESS NATIONAL BANK; EQUIFAX, | ) | |
| INC.; EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; KEY 2 RECOVERY, | ) | |
| INC.; SUNRISE CREDIT SERVICES, INC,; | ) | |
| and TRANS UNION LLC, | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S MOTION TO
SET ASIDE CLERK'S ENTRY OF DEFAULT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST
DEFENDANT AMERICAN EXPRESS NATIONAL BANK**

COMES NOW, Defendant American Express National Bank ("American Express" or "Amex") by and through its undersigned counsel, and respectfully requests this Court: (1) set aside the Clerk's entry of default, D.E. 24; and (2) deny Plaintiff's Motion for Entry of Default Against Defendant American Express National Bank ("Plaintiff's Default Motion"), D.E. 33. Because Plaintiff did not properly serve American Express's registered agent, American Express did not receive actual notice of the lawsuit, and its delay is due to mistake, inadvertence, and/or excusable neglect. Moreover, American Express has a meritorious defense to this action. Finally, Plaintiff's Motion for Clerk's Entry of Default Against Defendant American Express National Bank did not comply with Federal Rule of Civil Procedure 55(b)(1), and the Clerk's entry of default should be set aside. For these reasons, Defendants oppose Plaintiff's Default Motion and respectfully request this Court allow the case to proceed on the merits.

1

4937-4110-8916 v3

## BACKGROUND

Plaintiff filed the Complaint in this matter on April 21, 2026. D.E. 2. Plaintiff filed Proof of Service for American Express on May 7, 2026, stating that a process server named Richard Dominguez delivered the Complaint and Summons to "Operations Assistant: Johanna Esparza" on May 5, 2026 at 4:30 p.m. D.E. 7. The Proof of Service states that service of process occurred at "American Express Subpoena Response Unit 43 Butterfield Circle, El Paso, TX 79906." *Id.*

However, American Express's website explicitly states: "Law firm: serve Corporation Trust Company" and "Government agency: serve Corporation Trust Company" and provides links to locations of Corporation Trust Company ("CT Company.") *See* Legal Order Processing, American Express, *available at* https://www.americanexpress.com/en-us/company/legal/subpoena-response-unit/ (last accessed June 11, 2026). Under the "Government agency" section for subpoena responses, the website provides links to CT Company locations and provides an address to "mail your legal order to" at "American Express, Subpoena Response Unit, 43 Butterfield Circle, El Paso, TX 79906." *Id.* If Plaintiff had clicked the CT Company links from American Express's website, Plaintiff would have seen the specific address in Arkansas to serve American Express via CT Company: C T Corporation System, 320 S Izard Street, Little Rock, AR 72201-2114. *See* CT Corporation Service of Process Locations, *available at* https://www.wolterskluwer.com/en/solutions/ct-corporation/sop-locations (last accessed June 11, 2026).

Instead of properly serving American Express through its registered agent, CT Company, at its address in Arkansas, Plaintiff evidently caused a process server physically go to an address in El Paso, Texas that is explicitly labeled on American Express's website as an address to which government agencies can mail subpoenas. The Operations Assistant who was handed the

2

Complaint and Summons is not American Express's registered agent nor an employee authorized to accept service of a Complaint and Summons.  Understandably, then, American Express did not receive actual notice of the lawsuit as a result of the flawed service of process.

In the absence of actual notice of the suit, American Express did not file a responsive pleading.  On June 3, 2026, Plaintiff filed a Notice of Default and Motion for Clerk's Entry of Default Against Defendant American Express National Bank.  D.E. 22.  Plaintiff's Declaration in Support of Clerk's Entry of Default Against Defendant American Express National Bank does not indicate an amount due.  D.E.22-1.  Plaintiff's Proposed Order Granting Plaintiff's Motion for Clerk's Entry of Default Against Defendant American Express National Bank also lacks any computation of an amount due.  D.E. 22-2.  The Clerk entered Default as to American Express on June 4, 2026.  D.E. 24.  On June 11, 2026, Plaintiff filed a Motion for Default Judgment as to American Express National Bank.  D.E. 33.

American Express became aware of Plaintiff's Default Motion on June 11, 2026 and files this Opposition on June 12, 2026, before the Court has entered any default judgment against American Express.

## ARGUMENT

This "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  The procedural stage of this case is similar to that of *Automated Motion & Process Control, Inc. v. J.S. Haren Co.*, No. 2:14-cv-02154, 2015 WL 1564865 (W.D. Ark. Apr. 8, 2015).  There, the Clerk entered default against a party but the Court had not yet entered default judgment when the party moved to set aside the entry of default. *Id.* at *1.  Judge Holmes reasoned that "[a]s default judgment has not yet been entered in this case, the Court must simply determine whether good cause exists to set aside the Clerk's entry of

3

default." *Id.* "When examining whether good cause exists, the district court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Id.* (quoting *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008)). Because the defaulting party admitted the failure to timely respond was due to his negligent failure to ensure a response was filed, and not a willful refusal to defend the case, Judge Holmes set aside the Clerk's entry of default and allowed the case to proceed on the merits. *Id.* at *1-2.

Likewise, good cause to set aside the Clerk's entry of default and deny Plaintiff's Default Motion exists here. Default judgment is inappropriate in this case for three independent reasons. First, Plaintiff's flawed service of process formed the basis for mistake, inadvertence, and/or excusable neglect on the part of American Express. Second, American Express has a meritorious defense to this action. Third, Plaintiff's Motion for Clerk's Entry of Default Against Defendant American Express National Bank did not comply with Rule 55(b)(1), and the Clerk's entry of default should be set aside.

## I.    AMERICAN EXPRESS DID NOT TIMELY RESPOND DUE TO MISTAKE, INADVERTENCE, AND/OR EXCUSABLE NEGLECT.

While no default judgment has been entered against American Express, Rule 60(b)'s rubric demonstrates why default judgment against American Express is not appropriate in this case. Rule 60(b)(1) allows a court to relieve a party from default judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Rule also allows a court to set aside default judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Eighth Circuit has "identified two components of excusable neglect: (1) neglect or noncompliance (2) that is excusable." *U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 896 (8th Cir. 2015) (quotation and alteration omitted). When considering whether conduct is excusable, this

4

Court looks at the following factors: "(1) The danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." *Id.*

Here, there is no danger of prejudice to Plaintiff. "As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits. Setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998) (internal quotations and citations omitted). At this point in the case, no discovery has occurred, no case management plan has been established, and no trial has been scheduled. Indeed, American Express's co-defendants just filed a Joint Motion to Dismiss on June 9, 2026. D.E. 28-29.[1] Plaintiff will suffer no harm if American Express is permitted to respond within days after the co-defendants filed their responsive pleadings, and the parties proceed to adjudicate the claims on their merits.

Second, American Express's delay is only a matter of weeks. Plaintiff alleges that American Express's responsive pleading was due May 26, 2026, a mere 17 days ago. D.E. 33. Courts in this District have set aside default judgment after much longer delays. *See Launch Marketing LLC v. Golden Krust Caribbean Bakery, Inc.*, No. 5:23-cv-5092, 2023 WL 4977794, at

---

[1] Further emphasizing the lack of prejudice to Plaintiff in such a situation with American Express's co-defendants, the Eighth Circuit has held that "[w]hen co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment." *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004); *see also Buck v. Clearbrook, LLC*, No. 4:10-cv-04103, 2011 WL 2435939, at *3 (W.D. Ark. June 16, 2011) (setting aside default judgment under Rule 60(b)(6) based, in part, on the common defense doctrine).

4937-4110-8916 v3

*3 (W.D. Ark. Aug. 3, 2023) (setting aside default judgment after removal to federal court); *Hartford Fire Ins. Co. v. Harris Co. of Fort Smith*, 143 F.Supp.3d 800, 807 (W.D. Ark. 2015) (setting aside default judgment where Defendant moved to set aside default judgment more than fifteen months after the case was filed); *Hayes v. Federal Deposit Ins. Corp.*, No. 5:09-cv-05122, 2014 WL 3547037, at *2 (W.D. Ark. July 17, 2014) (granting motion to set aside judgment two-and-a-half years after entry of default judgment).  The short delay by American Express will not have any significant or negative impact on the proceedings.

As to the third and fourth factors, American Express files this Opposition in good faith, and delayed only because service of process was hand-delivered to an employee in the wrong department instead of served upon American Express's registered agent[2].  Federal Rule of Civil Procedure 4 states that service may be completed by following state law for serving a summons in the state where the district court is located or where service is made.  Fed. R Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1).  Arkansas Rule of Civil Procedure 4 requires that "[s]ervice on any corporation . . . shall be on its registered agent for service of process,  or the agent's secretary or assistant; any officer of the corporation, or the officer's secretary or assistant; a managing or general agent of the corporation, or the agent's secretary or assistant; any agent authorized by appointment or by law to receive service of process; or as provided by an applicable statute."  Ark. R. Civ. P. 4(f)(5).  Service by mail, return receipt requested, to the corporation's agent is also permitted.  Ark. R. Civ. P. 4(g)(1)(A)(i).  "To perfect service under the Arkansas rules, 'compliance must be exact' because 'service requirements are strictly construed.'"  *Barner v.*

---

[2] While no judgment has been entered against American Express, "if a defendant is improperly served, the Court lacks jurisdiction over the defendant, despite any actual notice of the lawsuit that the defendant may have, rendering a default judgment void under Rule 60(b)(4)." *Hayes*, 2014 WL 3547037, at *2; Fed. R. Civ. P. 60(b)(4).  In the event this Court enters default judgment, American Express reserves its right to move to set aside such judgment under Rule 60(b)(4) because service was improper.

6

4937-4110-8916 v3

*Thompson/Center Arms Co.*, 796 F.3d 897, 900 (8th Cir. 2015) (quoting *Rettig v. Ballard*, 2009 Ark. 629, 362 S.W.3d 260, 262).

Plaintiff did not follow Arkansas Rule of Civil Procedure 4 when attempting to serve American Express. The El Paso, Texas address at which the process server hand-delivered the Complaint and Summons is clearly listed as an address intended exclusively for mail of subpoenas. *See supra* at 2. Service should have been sent via certified mail or process server to American Express's registered agent, CT Company, in Arkansas rather than delivered to an unrelated employee at an unrelated location.

While American Express recognizes the leniency that courts afford pro se plaintiffs, Plaintiff's flawed service of process in this case created American Express's delay because American Express could not properly route the service of process internally under these circumstances. Even if this Court finds that American Express neglected to properly route the service of process from the Operations Assistant to its legal department, such neglect is excusable. Where a client's and law firm's miscommunication led to default judgment, the Eighth Circuit recognized that their "actions were negligent, but not so gross as to be inexcusably negligent" and affirmed the district court's decision to set aside the default judgment. *Hoover v. Valley West D M*, 823 F.2d 227, 230 (8th Cir. 1987). American Express acts in good faith by appearing in this case as soon as it learned of the suit and willing to litigate the case on the merits.

Considering all four factors under *Kratville*, American Express's resulting delay is the result of mistake, inadvertence, and/or excusable neglect, such that default judgment against American Express is not warranted.

7

4937-4110-8916 v3

## II.    AMERICAN EXPRESS HAS A MERITORIOUS DEFENSE

In addition to the factors identified by the Eighth Circuit in *Kratville*, "the existence of a meritorious defense continues to be a relevant factor" in deciding whether to set aside default judgment. *Union Pacific R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001). American Express is beginning to investigate the underlying facts after learning of Plaintiff's allegations one day ago, but even the face of Plaintiff's Complaint reveals numerous defenses to Plaintiff's allegations.[3]  Indeed, many of the defenses raised by co-defendants Equifax Information Services, LLC and Trans Union LLC in their Motion to Dismiss and supporting Memorandum apply equally to American Express, such as Plaintiff's violations of Federal Rule of Civil Procedure 8, Plaintiff's failure to show inaccuracy as required by the Fair Credit Reporting Act, Plaintiff's failure to state plausible claims for relief, and Plaintiff's lack of standing.  *See* D.E. 28-29.

While Plaintiff conclusorily alleges that "American Express was furnishing materially inconsistent and contradictory account data across TransUnion, Experian, and Equifax concerning the same revolving tradeline" D.E. 2 at ¶ 78, the Complaint lacks any specific details about what data from American Express was inconsistent or contradictory.  For example, while Plaintiff complains that an "updated December 15, 2025 report reflected continued furnishing of: charge-off status, disputed consumer remarks, past-due reporting of $1,657.00, continued derogatory account designation," D.E. 2 at ¶ 94, Plaintiff does not specify which, if any, of those points were incorrect.  American Express has a meritorious defense to Plaintiff's claims that it "furnish[ed] information known to be inaccurate," "fail[ed] to conduct direct dispute review," "fail[ed] to

---

[3] American Express files this Opposition immediately after learning of the existence of this case. American Express requests that the Court permit it to submit an Affidavit within the following week to proffer evidence supporting its meritorious defenses, after it has an opportunity to conduct at least a cursory review of its files and the facts alleged by Plaintiff.

conduct reasonable investigation after notice," "fail[ed] to correct, delete, or cease furnishing unverifiable information," or engaged in "willful and/or negligent noncompliance." D.E. 2 at ¶¶ 354-379. American Express should be permitted to litigate its defenses to these claims on the merits.

### III.     THIS COURT SHOULD SET ASIDE THE CLERK'S ENTRY OF DEFAULT

Rule 55(b)(1) states "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). Here, neither Plaintiff's Motion for Clerk's Entry of Default Against Defendant American Express National Bank nor the supporting Affidavit indicate a "sum certain or a sum that can be made certain by computation" as required by Rule 55(b)(1). D.E. 22, 22-1. Because Plaintiff's Motion did not meet the requirement of Rule 55(b)(1), entry of default by the Clerk was in error.

Moreover, just as in *Automated Motion*, this Court should set aside the Clerk's entry of default because, as explained above, American Express is not blameworthy or culpable, American Express has a meritorious defense, and Plaintiff will not suffer prejudice if this Court excuses the default. 2015 WL 1564865 at *1. Accordingly, this Court should exercise its discretion and follow the "judicial preference for adjudication on the merits stemming from an interest in preserving the fundamental fairness of the adjudicatory process." *Id.* (internal quotation omitted).

### <u>CONCLUSION</u>

For the foregoing reasons, American Express respectfully asks this Court to set aside the Clerk's entry of default and deny Plaintiff's Motion

9

Dated: June 12, 2026          Respectfully submitted,

By: */s/ Britta N. Todd*
Britta N. Todd, Esq.
Arkansas Bar No. 2016096
SHOOK, HARDY, & BACON, L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64105
Telephone: (816) 559-2895
Facsimile: (816) 421-5547
btodd@shb.com

4937-4110-8916 v3