**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| BRADEN KEVIN PAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TRANSUNION, LLC, EXPERIAN ) | |
| INFORMATION SOLUTIONS, INC., ) | Case No. 5:26-cv-05084-DCF |
| EQUIFAX, INC., SUNRISE CREDIT ) | |
| SERVICES, INC., KEY 2 RECOVERY, ) | |
| INC., AMERICAN EXPRESS NATIONAL ) | |
| BANK, and ALLY FINANCIAL, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS TRANS UNION LLC AND EQUIFAX INFORMATION
SERVICES, LLC'S REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I.     SUMMARY

In their Motion to Dismiss, Defendants consumer reporting agencies, Trans Union LLC, improperly identified as TransUnion LLC ("Trans Union") and Equifax Information Services, LLC, improperly identified as Equifax, Inc. ("Equifax") (collectively, "CRA Defendants") established the following grounds for dismissal of Plaintiffs' Complaint: (1) Plaintiff's verbose Complaint is an improper shotgun pleading and violates Federal Rule of Civil Procedure 8; (2) Plaintiffs' Complaint fails to allege any facts in support that the CRA Defendants willfully violated the Fair Credit Reporting Act ("FCRA") and, therefore, must be dismissed; (3) Plaintiff's claims fail to state a plausible claim for relief; and (4) Plaintiff's claims should be dismissed with prejudice because amendment would be futile as the facts will not change to state a claim under the FCRA.

Plaintiff's Response fails to address the arguments presented by CRA Defendants' Motion to Dismiss ("Motion"). *See generally*, ECF No. 39. Instead, Plaintiff's Response repeats the same allegations in his Complaint. Plaintiff's Response continues to rely on conclusory assertions without providing the necessary factual basis to support a claim under the FCRA. Due to Plaintiff's failure to overcome the pleading deficiencies identified by CRA Defendants, the Motion to Dismiss should be granted with prejudice as to Defendants Trans Union LLC and Equifax Information Services, LLC, and without leave to amend.

## II.     BACKGROUND

Plaintiff Braden Kevin Page ("Plaintiff"), proceeding *pro se*, initiated the instant action in the United States District Court for the Western District of Arkansas on April 21, 2026. *See* Dkt. No. 2. On June 9, 2026, CRA Defendants filed their Motion to Dismiss (the "Motion"). *See* Dkt. Nos. 28. On June 17, 2026, Plaintiff filed his Omnibus Response in Opposition to CRA Defendants' Motion (the "Response"). *See* Dkt. No. 39.

## III.     ARGUMENT

**A.     Plaintiff's Opposition Does Not Cure the Rule 8 Defects in His Complaint.**

Plaintiff's Opposition does not cure the fundamental Rule 8 defects in his Complaint. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint include "a short and plaint statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1002 (N.D. Cal. 2021); *see also Mendez v. Draham*, 182 F. Supp. 2d 430, 441 (D.N.J. 2002) (observing that Rule 8's "short, plain statement" requirement "is not merely aspirational" and striking noncompliant pleading).

Plaintiff's 547-paragraph Complaint "is neither short nor plain." *Id*. at 433. Instead, it relies on repetitive, boilerplate allegations asserted against various defendants rather than identify what any particular defendant allegedly did wrong, when it did so, or how its conduct caused Plaintiff's alleged injury. In short, the operative complaint does not present a short and plain statement of any claim, does not allege facts in a simple, concise, and direct manner, and does not plausibly show entitlement to relief as required by Rule 8(a)(2). Instead, it relies on conclusory assertions, excessive and unfocused factual matter, and allegations that fail to identify which facts support which causes of action. Thus, the Court should grant CRA Defendants' Motion to Dismiss.

**B.     Plaintiff Still Fails to Allege an Inaccuracy, a Failure to Follow Reasonable Procedures, or a Failure to Conduct Reasonable Reinvestigation.**

As discussed in CRA Defendants' Motion, which is hereinafter incorporated by reference, Plaintiff has not met his burden of alleging an inaccuracy, and his Response to the Motion still has not demonstrated how CRA Defendants inaccurately reported Plaintiff's accounts. In order for a consumer report to be inaccurate, it must be "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 896 (5th Cir. 1998).  Plaintiff has not met his burden. Instead, Plaintiff re-asserts his allegation that "material contradictions across multiple tradelines" constitute an inaccuracy. In support of his argument, Plaintiff cites *Chuluunbat v. Experian Info. Sols., Inc.,* 4 F.4th 562, 568 (7th Cir. 2021), claiming that the Seventh Circuit identified precise categories to satisfy the "objectively and readily verifiable" standard. *See* Dkt. 39 at 4. Although the Seventh Circuit did discuss examples of a factual inaccuracy vs a legal determination, this has not baring on the case at hand. Defendants' Joint Motion to Dismiss does not raise an objectively or readily verifiable argument at this time. Therefore, the citation provides no support for Plaintiff's argument. Further, case law is clear: mere inconsistences or discrepancies between different consumer reporting

agencies' reports, standing alone, is insufficient to establish a violation of the FCRA. *See Silva v. Santander Consumer USA Inc.*, No. 3:24-CV-06057-DGE, 2026 WL 364426, at *3 (W.D. Wash. Feb. 10, 2026).

In *Silva v. Santander Consumer USA Inc.*, the plaintiff alleged the three major credit reporting agencies were reporting "materially different and conflicting information about the same account, including different balances, different delinquency dates, different charge-off dates, different last activity dates, and different characterizations" of the furnisher's role, arguing these conflicts proved "that at least two CRAs (and possibly all three) are reporting inaccurate information." *Silva,* 2026 WL 364426, at *3 (W.D. Wash. Feb. 10, 2026). The *Silva* Court rejected plaintiff's arguments and held that inconsistencies between credit reporting agencies did not constitute an inaccuracy under the FCRA; *see also Oki v. TransUnion LLC*, Case No. 25-cv-08070-HSG, 2025 WL 3719288, at *3 (N.D. Cal. Dec. 23, 2025)("inconsistent report is not necessarily an inaccurate or misleading report"); *Torres v. Bank of America*, Case No.: CV 17-4772 CBM-PLA, 2017 WL 10574231, at *3 (C.D. Cal. Oct. 12, 2017) (finding that a plaintiff failed to state a claim for inaccurate reporting when he did not allege whether the plaintiff owed the debt, owed the debt and paid it off, or any other reason the CRA's reporting was inaccurate or misleading).

Here, much like the plaintiff in *Silva*, Plaintiff does not properly explain how Trans Union or Equifax's reporting is inaccurate or misleading. *See generally* Dkt. No. 2. Plaintiff "does not allege that he does not owe the debt, whether he paid off the debt, or why this specific information is patently false. *Silva v. Santander Consumer USA Inc.* at *3. Thus, Plaintiff has failed to allege an inaccuracy under the FCRA.

Moreover, to prevail on either a reasonable procedures or a reasonable reinvestigation claim under the FCRA, the Plaintiff must first demonstrate an inaccuracy in Trans Union's or

Equifax's reporting. *See Bibbs v. Trans Union LLC*, 43 F.4th 331, 343 (3d Cir. 2022); *Wright v. Experian Info. Solutions, Inc.*, 805 F. 3d 1232, 1242 (10th Cir. 2015) ("To prevail on a § 1681i(a) claim…plaintiffs must prove essentially the same elements as those for a § 1681e(b) claim"); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) (Under § 1681i, a plaintiff "must make a 'prima facie showing of inaccurate reporting.'"); *Cohen v. Trans Union*, 67 Fed. Appx. 325, 326 (6th Cir. 2003) ("A showing of inaccuracy is an essential element of a claim under the Fair Credit Reporting Act."); *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156–60 (11th Cir. 1991). Moreover, case law makes it clear that CRAs are not automatically liable. *See Hauser v. Equifax, Inc.*, 602 F.2d 811, at 814 (8th Cir. 1979); *also, Taylor v. Tenant Tracker, Inc.,* Case No. 4:10-cv-00282-BSM, 2011 U.S. Dist. LEXIS 128271, at *7 (E.D. Ark. Nov. 4, 2011) ("To begin, the statute does not provide for strict liability for inaccuracy.").

As indicated above, Plaintiff has failed to allege an inaccuracy. Plaintiff must allege that his consumer reports or credit files with CRA Defendants contained tangible inaccurate information. He has not done so here, and his Response fails to cure the deficiencies CRA Defendants noted in their Motion to Dismiss Plaintiff's § 1681e(b) and § 1681i claims. Notably, the Response does not cite to any case law (binding or otherwise) in support of his allegations that CRA Defendants violated these provisions of the FCRA. Instead, Plaintiff cites to case law conflating the reason for the "Objectively and Readily verifiable" standard. Thus, his failure to follow reasonable procedures and failure to conduct a reasonable reinvestigation claims under § 1681e(b) and § 1681i also fail as a matter of law.

**C.      Plaintiff Cannot Allege Facts Sufficient To Support A Failure to Provide Required Disclosures.**

CRA Defendants stand on their Motion that Plaintiff has failed to plead a violation of 15 U.S.C. 1681g. Plaintiff's Complaint not only fails to plausibly allege a violation of § 1681g(a), but Plaintiff simply cannot support a 1681g(a) claim under the facts and circumstances alleged in this case. Section 1681g(a) of the FCRA requires every Credit Reporting Agency ("CRA") to "clearly and accurately disclose" to the consumer "[a]ll information in the consumer's file at the time of the request," with certain exceptions. 15 U.S.C. § 1681g(a). A consumer's "file" includes "all information on that consumer recorded and retained by a reporting agency regardless of how this information is stored." 15 U.S.C. § 1681g(a).

Here, CRA Defendants' Motion should be granted because Plaintiff's Complaint does not plausibly allege a violation of § 1681g(a). To state a claim under § 1681g of the FCRA, a plaintiff's complaint "must specify what information is missing from the disclosure or contain specific facts that the plaintiff relied upon to allege that the defendant did not provide all the information in the consumer's file." *Scott v. Equifax, Inc.*, No. 2:20-cv-2516-HLT-JPO, 2021 WL 4099007, at *2 (D. Kan. July 23, 2021) (citing *Frazier v. Experian Info. Sols., Inc.*, 2018 WL 3785131, at *5–6 (D. Md. 2018)).

Plaintiff has not plausibly alleged what, if anything, was not disclosed or was reported in error regarding any of the alleged Accounts. *See generally*, Compl. Instead, Plaintiff offers sweeping, speculative conclusions, without factual support, that CRA Defendants violated § 1681g. Accordingly, Plaintiff has failed to meet the pleading standards, and the Motion should be granted.

**D.    Plaintiff Cannot Allege Facts Sufficient To Support A Willful Violation of Law Claim Against Defendants CRA.**

To plead a willfulness claim, Plaintiff must allege specific facts that show a defendant willfully or negligently failed to comply with the FCRA. *See, e.g., Peoples v. Equifax Info. Sols.,* No. 3:23-CV-495-MOC-DCK, 2023 WL 6883650, *2–3 (W.D.N.C. Oct. 18, 2023). "To state a

willfulness claim, Plaintiff must allege that (1) [the CRA] had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language; and (2) [the CRA] ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. *Id.* at \*3; *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009). "Willfully" means either knowingly or with reckless disregard. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 58–59 (2007).

Here, Plaintiff's Response merely argues that because he disputed multiple times (with no clear factual inaccuracies alleged), then CRA Defendants' alleged FCRA violations were willful and negligent. However, none of the facts demonstrates a reckless disregard of statutory duty as needed under the FCRA. *Taylor v. First Advantage Background Servs. Corp.*, 207 F. Supp. 3d 1095, 1110 (N.D. Cal. 2016). Plaintiff, at best, has conclusory allegations. He remarks in his Response that because he disputed multiple times and the alleged inaccuracies were not changed to his liking, it somehow renders an automatic willful violation, which is a misguided interpretation of the FCRA. Dkt. 39, at 12. The failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file does not amount to willful noncompliance under the FCRA. *See Barrepski v. Capital One Bank (U.S.A.) N.A.*, No. 11-30160-NMG, 2014 WL 9355983, at \*12 (D. Mass. Jan. 24, 2014). Plaintiff disputing several times does not irrevocably establish an inaccuracy and a failure to correct at his say-so does not rise to willful noncompliance.

Accordingly, Plaintiff's conclusory allegations of willfulness are insufficient and should be dismissed, with prejudice.

**E.      Plaintiff Lacks Article III Standing.**

Courts have consistently held that a plaintiff cannot establish Article III standing to pursue claims under the FCRA absent a concrete injury flowing from a materially inaccurate consumer

report.. *See Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016); *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). Without a pleaded and plausible allegation that the consumer report at issue was inaccurate or materially misleading, there is no concrete harm, and therefore no case or controversy within the meaning of Article III. As stated above, Plaintiff has failed to identify any inaccuracy in the reporting at issue. In the absence of a pleaded inaccuracy, Plaintiff's claims rest on nothing more than conclusory assertions, and he lacks Article III standing to pursue his claims.

F.     **Leave To Amend Would Be Futile.**

Finally, although courts "should freely give leave [to amend] when justice so requires," *see* FED. R. CIV. P. 15(a)(2), a "district court does not err in denying leave to amend where the amendment would be futile." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citing *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1061 (9th Cir. 2004)). "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Id*. (citing *Miller v. Rykoff–Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988)).

Here, Plaintiff's allegations of inconsistencies among CRAs is the only basis of his claim. Clearly, he can proffer no set of facts that would give rise to an FCRA violation. Thus, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

## IV.     <u>CONCLUSION</u>

For all the foregoing reasons, Defendants Trans Union LLC and Equifax Information Services, LLC respectfully request that the Court grant their Motion, dismiss Plaintiff's Complaint against them in its entirety, with prejudice, and award CRA Defendants the fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Paul L. Myers*

Paul L. Myers
Texas State Bar No. 24046221
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
Tel: (214) 560-5453
Fax: (214) 871-2111
pmyers@qslwm.com
**Counsel for Trans Union LLC**

Respectfully submitted,

*/s/ Ralph Downing Scott, III*

Ralph Downing Scott, III
Lax Vaughan Fortson Rowe Threet P.A.
11300 Cantrell Road
Suite 201
Little Rock, AR 72212
(501)376-6565
Fax: (501)376-6666
Email: tscott@laxvaughan.com
**Counsel for Equifax Information Services, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify on this 24th day of June, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Jason Spak<br>Jason.spak@troutman.com<br>Troutman Pepper Locke LLP<br>501 Grant Street, Suite 300<br>Pittsburgh, PA 5219<br>(412) 347-1247<br>***Counsel for Experian Information Solutions, Inc.*** | Ralph Downing Scott, III<br>tscott@lawvaughan.com<br>Lax Vaughan Fortson Rowe Threet P.A.<br>11300 Cantrell Road, Suite 201<br>Little Rock, AR 72212<br>(501) 376-6565<br>(501) 376-6666 Fax<br>***Counsel for Equifax Information Services, LLC*** |

Charles Turner Coleman
ccoleman@wlj.com
Wright, Lindsey & Jennings LLP
200 West Capitol Ave., Suite 2300
Little Rock, AR 72201
(501) 212-1276
(501) 376-9442 Fax
***Counsel for Ally Financial, Inc.***

I further certify that a true and correct copy of the foregoing document was served on the following parties via U.S. First Class Mail and electronic mail and properly addressed as follows:

Braden Kevin Page
semperveritasministry@proton.me
4405 SW Lenox Ave.
Bentonville, AR 72713

***Pro Se Plaintiff***

*/s/ Paul L. Myers*
**PAUL L. MYERS**